**Robert L. PEKARSKY and Arnie J. Koch, etc., et al., Plaintiffs,**

v.

**George R. ARIYOSHI, etc., et al., Defendants.**

**Civ. No. 76–0455.**

United States District Court, D. Hawaii.

Nov. 28, 1983.

Elbridge W. Smith, Stanley Levin, Edward C. Kemper, III, Kemper & Watts, Evan R. Shirley, Honolulu, Hawaii, for plaintiffs.

Wayne Minami, Asst. Atty. Gen., Melvin Y. Nishimoto, Deputy Atty. Gen., Wallace S. Fujiyama, James E. Duffy, Jr., William L. Fleming, Edward Boyle, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for defendants.

## MEMORANDUM OF OPINION
## AND ORDER

SCHWARZER, District Judge.

This action is before the Court on remand from the court of appeals. In its

prior order, the Court awarded attorneys' fees and costs against all defendants, including appellants Ariyoshi, Minami and Chun ("State defendants") and the eight members of the Dental Board of Examiners in their official capacity ("Dental Board defendants"). Plaintiffs had charged defendants with discrimination against Caucasians and new or non-residents of Hawaii in the administration of the state's dental testing and licensing procedures. The defendants entered into a settlement agreement under which the Dental Board defendants agreed to pay damages of $325,-000 to eligible class members. In addition, all defendants agreed to maintain in effect the changes in the testing and licensing procedures which had been adopted during the pendency of the action. The State defendants also agreed to expunge from the records the names of class members who had previously failed the examination. The agreement reserved plaintiffs' right to apply to the Court for an award of attorneys' fees. That award resulted in the earlier appeal.

On appeal, the court held that the settlement precluded any claim for attorneys' fees against the Dental Board defendants, but that fees could be assessed against the State defendants. It went on to hold that this Court, in awarding attorneys' fees, had improperly "include[d] in the award those fees attributable to work performed in prevailing against the Dental Board defendants," and directed it to "determine and award only such additional attorneys' fees attributable to work performed in prevailing against [the State defendants]." (695 F.2d 352 at 355)

The court of appeals did not explain what it meant by the word "additional" in its remand instructions. Two possibilities exist: the court may have meant "fees additional to those received in the settlement," or it may have meant "fees attributable to work additional to that required to prevail against the Dental Board defendants."

The former interpretation may be suggested by a statement in the court's opinion that

the overall settlement figure [received from the Dental Board defendants] included an attorneys' fees component. (695 F.2d at 354)

The settlement agreement, however, provided only for a payment of $325,000 into a damage fund, all of which was to (and in fact did) go into a trust fund administered solely for the benefit of the class members. The parties agree that none of the fund went to plaintiffs' counsel as attorneys' fees, and that plaintiffs' counsel have received no fees out of the Dental Board settlement. In fact, the settlement procedure was carefully devised to conform to the ethical obligations of counsel for the class and the directives of the Ninth Circuit, assuring that the agreement on the terms of the settlement would be concluded before counsel fees would be considered. In *Mendoza v. United States*, 623 F.2d 1338 (9th Cir.1980), the court of appeals "strongly discourage[d] the simultaneous negotiation of attorneys' fees and substantive issues in class action settlement negotiations," recognizing the conflict of interest present under those circumstances and noting that the dangers of impropriety are especially great where there is one fund from which both the class award and the attorneys' fees are to be apportioned. *Id.* at 1352–53. *See also, Prandini v. National Tea Co.*, 557 F.2d 1015 (3rd Cir.1977). Consonant with these concerns, all counsel here agreed to refer the matter of fees for determination by the Court after agreement had been reached on the terms of the settlement.

The court of appeals interpreted the terms of that settlement as a waiver of all fee claims against the Dental Board defendants. It does not follow from such a waiver, however, that counsel should be charged in effect with constructive receipt of some amount of attorneys' fees, or with having abandoned their claim to that amount. To do so would impose a penalty on the class plaintiffs' attorneys for complying with their ethical obligation. That obligation required them to negotiate first the best possible settlement for the class.

Only after that had been accomplished could they negotiate for their fees. The attorneys' inability then to reach an agreement on fees with one group of settling defendants ought not to reduce by some arbitrary amount their entitlement to fees from remaining codefendants. It seems unlikely that the court of appeals intended such a result.

The Court therefore concludes that the second interpretation was intended. In order to determine what work was done additional to that required to prevail against the Dental Board defendants, the Court must determine whether the claims against the State defendants were separate and distinct from those against the Dental Board defendants, requiring separate and distinct work. The court of appeals did not treat plaintiffs' case as comprising separate and distinct claims against the two groups of defendants, nor did it suggest any difference between them in culpability or responsibility. On the contrary, the court described the results of the action in a way which indicates that it considered the claim asserted against all defendants as essentially unitary. Thus, the court said:

> We next conclude that appellees did prevail against the three Appellants [the state defendants], thus justifying an award of attorneys' fees against them as well. The expungement of records and the reform of the examination procedures required by the Agreement represent relief obtained against Appellants.

(695 F.2d at 354–55)

■ The relief obtained by plaintiffs consisted of three elements: damages, expungement of records and reform of the examination procedure. Addressing first the matter of damages, because the State defendants categorically rejected plaintiffs' demands for a contribution to a damage fund, plaintiffs' counsel limited their negotiating efforts concerning damages to the Dental Board defendants. It is reasonable, therefore, to hold the time devoted to those negotiations to be attributable to work performed in prevailing against the Dental Board defendants and to exclude it from the award against the State defendants. Plaintiffs have identified and segregated these services and allocate $5,384 of the previously awarded fees to them. Nothing before the Court suggests that this allocation is not reasonable. Pursuant to the court's instructions on remand, the award against the State defendants will be reduced by that amount.

■ With respect to the second and third elements of relief obtained by plaintiffs, as the court of appeals noted, they represent relief obtained against the State defendants, even if it was also obtained against the Dental Board defendants. Thus whatever work was required to obtain that relief was work required to prevail against the State defendants. The claim asserted against all defendants and the nature of the relief obtained being unitary, the work required to obtain that relief cannot be allocated in part to the State defendants and in part to the Dental Board defendants. *See Hensley v. Eckerhart,* —— U.S. ——, ——, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) ("In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.")

■ Inasmuch as the claim on which plaintiffs prevailed against the State and Dental Board defendants is a unitary claim there is no basis for barring plaintiffs from recovering the full measure of attorneys' fees from the State defendants (there being no duplicative recovery out of the earlier settlement). Defendants may be held jointly and severally liable for attorneys' fees. *See e.g., Riddell v. National Democratic Party,* 712 F.2d 165, 169 (5th Cir.1983); *Strama v. Peterson,* 561 F.Supp. 997, 1000 (D.C.Ill.1983); *Visser v. Magnarelli,* 542 F.Supp. 1331, 1339 (D.C.N.Y.1982); *Virginia Academy of Clinical Psychologists v. Blue Shield of Virginia,* 543 F.Supp. 126, 153 (D.C.Va.1982); *Woody v. City of West*

*Miami,* 477 F.Supp. 1073, 1083 (D.C.Fla. 1979). In cases where the claims against defendants are separate and distinct or where the culpability or responsibility was clearly unequal, apportionment of attorneys' fees awards is appropriate. *Decker v. U.S. Dept. of Labor,* 564 F.Supp. 1273, 1281 (D.C.Wis.1983); *Strama, supra,* 561 F.Supp. at 1000–01. But where, as here, the claim against all defendants was unitary and their involvement collective, where the prosecution of the action against all defendants was unitary, and where the defendants coordinated their defense, with the State Attorney General actively participating and vigorously opposing all of plaintiffs' claims, *Riddell, supra,* 712 F.2d at 169, liability for the full amount of attorneys' fees should be attributed to each of the defendants severally.

The State defendants argue that a variety of services should be excluded as "involving" only the Dental Board defendants. The items to which they point, however, all relate to the determination of liability and specific relief with respect to the claims on which plaintiffs prevailed against all defendants and to plaintiffs' overall prosecution of those matters. The only services attributable solely to prevailing against the Dental Board defendants are those relating to the damage claim heretofore excluded.

■ Although it is neither necessary nor appropriate, at this stage of the litigation, for the Court to reexamine its prior fee award (except to the extent mandated by the court of appeals),[1] it does appear proper for the Court to consider the aggregate amount of fees to be recovered by counsel at the conclusion of these proceedings in the light of the intervening decision in *Hensley v. Eckerhart, supra.* In that case the Court directed the district court to consider as "the most critical factor ... the degree of success obtained." —— U.S. at ——, 103 S.Ct. at 1940. The Court referred to this factor in passing in its prior ruling.

Taking into account the factors discussed in that ruling and the opinion of the court of appeals, the Court declines to award additional fees now sought by plaintiffs, without, however, intending to preclude an award by the court of appeals of fees on appeal.

For the reasons stated, the Court finds and concludes that the amount of fees heretofore awarded should be reduced by $5,384 attributable to work performed in prevailing against the Dental Board defendants, that the balance of the fees awarded are in their entirety attributable to work performed in prevailing against the State defendants, and that plaintiffs are not entitled to an additional award of fees in this Court.

IT IS SO ORDERED.

---

1. The prior award is supported by the evidence in the record which is discussed in this Court's earlier ruling. The court of appeals' opinion does not require plaintiffs' counsel to prove again their entitlement to fees heretofore fixed by the Court. The issue before this Court concerns only the amount of reduction or offset against the amount previously awarded.